IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 13 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

MIRANDA JEENINGA

PLAINTIFF

V.     NO. 4:23CV852-JM

TERESA DANIELLE COTHERN

DEFENDANT

## COMPLAINT

Plaintiff, for her complaint, states:

1. Plaintiff is a citizen and resident of Indiana.

2. The Defendant is a citizen and resident of Pulaski County, Arkansas.

3. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. The events complained of herein occurred in Arkansas.

5. The Defendant is a medical doctor licensed to practice medicine in Arkansas.

6. At all relevant times, Plaintiff was a patient of the Defendant.

7. Plaintiff was evaluated by the Defendant on October 26, 2021 for pelvic pain. She was noted to have a history of three (3) cesarean sections, tubal ligation and endometrial ablation. She was diagnosed with post ablation tubal syndrome and scheduled for a vaginal hysterectomy.

8. Defendant performed surgery on Plaintiff on October 28, 2021. During the surgery, Defendant caused a significant injury to Plaintiff's bladder.

9. Defendant was required to possess and apply with reasonable care the degree of

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

skill and learning ordinarily possessed and used by members of her profession in good standing engaged in the same type of service or specialty in the locality in which she practices or in a similar locality. Defendant failed to meet that standard in her treatment of Plaintiff and was negligent.

10. Defendant was negligent in the following ways:

1. In an LAVH, a portion of the procedure is performed laparoscopically, and a portion is performed vaginally. There are definite benefits to incorporating the laparoscopic portion into the procedure. Vaginal surgery is performed through the small opening of the vagina; therefore, visualization is very limited. Laparoscopy affords the surgeon an unobstructed view of the entire pelvic cavity. The surgeon should take advantage of this superior visualization to reduce injury to nearby structures. If adhesions are encountered, it is better to dissect them laparoscopically given this improved visualization rather than vaginally. In Miranda's procedure, Dr. Cothern began the surgery laparoscopically and encountered "thick adhesions" in the region of the bladder. Rather than taking down these thick adhesions completely with the aid of the laparoscopic visualization, Dr. Cothern instead attempted to lyse some of the adhesions vaginally and thereby caused Miranda a substantial bladder injury and transected her right ureter.

2. When adhesions and scarring are noted at the time of a hysterectomy, the surgeon should define the borders of the bladder during development of the bladder flap to minimize injury to the bladder. By defining the borders of the bladder, the surgeon can differentiate between scar tissue and normal bladder tissue to aid in the dissection. This is most easily done by backfilling the bladder with fluid. When the bladder is backfilled,

the surgeon can easily see the limits of the bladder and thereby avoid cutting into it. Dr. Cothern did not take any additional steps during Miranda's hysterectomy to properly define the borders of the bladder.

3. During surgery, the surgeon should be cognizant of indications that a complication has occurred. By recognizing these signs promptly, the surgeon can take steps to avoid causing additional injuries and worsening the complication, and thereby reduce morbidity to the patient. During the vaginal portion of Miranda's hysterectomy, Dr. Cothern noted blood in the foley catheter tubing. This should have alerted Dr. Cothern to the possibility of a urinary tract injury and prompted her to stop the vaginal dissection and evaluate Miranda for an injury. This could have easily been done by laparoscopically evaluating the pelvis and assessing the bladder flap with the aid of the laparoscope. Also, during the vaginal portion of the case, Dr. Cothern noted "further adhesions along the lower uterine segment were encountered upon the right". Instead of evaluating these adhesions laparoscopically, she continued her vaginal dissection and "an increase in watery fluid was noted". Watery fluid is another indicator of a possible urinary tract injury and should have prompted Dr. Cothern to stop her dissection and evaluate Miranda for an injury. Instead, she continued her dissection, resulting in a very large bladder injury and transection of Miranda's right ureter.

11. As a proximate result of Defendant's negligence, Plaintiff has suffered damages. She has incurred medical expenses and will do so in the future, has lost wages and will do so in the future, has lost earning capacity, has suffered a permanent injury, and has suffered pain, mental anguish and emotional distress. Plaintiff's damages exceed $75,000 excluding interest

and costs.

12. Plaintiff demands a trial by jury.

Wherefore, Plaintiff prays judgment against Defendant for an amount in excess of $75,000.00, for her cost and all other proper relief.

Respectfully submitted,

Timothy O. Dudley, #82055
10201 W. Markham, Ste. 328
Little Rock, AR 72205
(501) 372-0080
Todudley@swbell.net

Benjamin McCorkle, #2001139
BEACON LEGAL GROUP, PLLC
1323 South Broadway
Little Rock, AR 72202
(501)907-9539
BRM@BeaconLegalGroup.com

BY: *[signature]*
Timothy O. Dudley